IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 07-cr-00471-EWN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

1.     ERIC RICHFIELD MAJORS and
2.     JOSHUA NEALE WOLCOTT,

                Defendants.

---

**ORDER FOR THE DEPOSITION OF GRACIELA BALLESTEROS DE COLOMER**

---

      THE COURT having considered the motion of the United States, hereby orders that in order to preserve the testimony for trial of the prospective witness Graciela Ballesteros de Colomer, her deposition shall be taken in accordance with the following procedures:

      1.     The deposition testimony of Graciela Ballesteros de Colomer shall be taken before a person authorized to administer oaths in the place in which the examination is held either by the law thereof or by the law of the United States. (This person hereinafter is referred to as the officer.) The deposition testimony shall be taken after the officer has put Ms. Ballesteros de Colomer under oath or affirmation.

      2.     The officer personally or someone acting under the officer's direction and in the officer's presence shall record Ms. Ballesteros de Colomer's testimony. The testimony shall be recorded by stenographic and sound-and-visual means.

3. Ms. Ballesteros de Colomer shall be the United States' witness. Counsel for the United States shall conduct direct examination, and counsel for the defendant may conduct cross-examination. If counsel for the defendant conducts cross-examination, counsel for the United States may conduct re-direct examination. There shall be no further examination.

4. The scope and manner of the direct examination, cross-examination and re-direct examination shall proceed as permitted at trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615.

5. All objections made at the time of the deposition shall be noted by the officer upon the record of the deposition, but the deposition shall proceed with the testimony being taken subject to the objections.

6. Any objection to evidence during the deposition shall be stated concisely and in a non-argumentative and non-suggestive manner.

7. The officer shall certify that Ms. Ballesteros de Colomer was duly sworn by the officer and that the stenographic transcript and sound-and-visual recording of the deposition constitute the true record of Ms. Ballesteros de Colomer's testimony. This certificate shall be in writing and shall accompany the record of the deposition. The officer shall file the record of the deposition with this court no later than 30 days prior to the start of the trial of this case. The record of the deposition shall include the stenographic transcript, the sound-and-visual recording and copies of all documents and other things produced for inspection during the deposition.

8. All documents and other things produced for inspection during the deposition shall be marked as government exhibits or defendant's exhibits and shall be the same as those used during the trial.

9. The officer shall retain all stenographic or other notes of the deposition.

10. Use of the deposition at the trial of this case shall be governed by Rule 15 of the Federal Rules of Criminal Procedure and the pertinent Federal Rules of Civil Procedure as made applicable by Rule 15 of the Federal Rules of Criminal Procedure.

11. Prior to and during trial, this court will entertain motions by the defendant and the United States to preclude the use at trial of all or portions of the deposition.

Dated at Denver, Colorado, this 7th day of July, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
CHIEF UNITED STATES DISTRICT JUDGE