IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLORADO
                  JUDGE  LEWIS  T.  BABCOCK
_____

Courtroom Deputy:  LaDonne Bush          Date:  April 1, 2010
Court Reporter:    Janet Coppock         Probation: Elizabeth Oppenheimer

_____

Criminal Action No. 07-cr-00471-JLK-2    *Counsel:*

UNITED STATES OF AMERICA,                Kenneth M. Harmon

    Plaintiff,

v.

2.  JOSHUA NEALE WOLCOTT,                Howard S. Dargan

    Defendant.

_____

                **COURTROOM  MINUTES - SENTENCING**
_____

9:05 a.m.     Court in session.

| Defendant plead guilty to the Superseding Information on July 11, 2008 |

Defendant is present and on bond.

**ORDERED:**  Government's Motion for Sentencing Reduction Pursuant to U.S.S.G.
              §5K1.1 (Doc. 125) is granted.

Defendant withdraws his objections to the presentence report.

Statement by Mr. Harmon.

Statement by Mr. Dargan.

Statement by Defendant.

                              1

Court's findings.

**ORDERED**: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that Defendant is hereby committed to a term of probation for five years and that as part of that probation, Defendant will be confined in his home for a period of six months.

**ORDERED**: Conditions of probation:

(X) Mandatory drug testing provisions are waived because there is no risk of substance abuse was determined.
(X) Defendant shall cooperate in the collection of DNA as directed by the probation officer.

**SPECIAL CONDITIONS** of probation:

(X) Defendant shall be placed on home detention for a period of six months to commence within 21 days of sentencing. During this time Defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.
(X) Defendant shall maintain a telephone at his place of residence without special services, modems, answering machines or cordless telephones for the above period.
(X) Defendant shall wear an electronic monitoring device and shall observe the rules specified by the probation department. Defendant shall be required to pay the cost of electronic monitoring as directed by the probation officer.
(X) Defendant shall abide by all rules and regulations of the Internal Revenue Service. Defendant shall cooperate with the Internal Revenue Service to determine amounts for the taxable years 2001, 2004 for himself and any of the other entities with which he was involved and concerning which he has the ability to cooperate. Defendant shall file amended tax returns and pay the tax liabilities as determined and agreed upon by the probation department.

**ORDERED:** Defendant shall pay a total of $127,239.40 to the individual victims identified in the presentence report. Restitution is due and payable immediately with any unpaid balance to be paid in monthly installments of not less than $250 during the term of probation. Interest on the unpaid restitution is waived. The Court shall disburse restitution to the victims proportionate to their losses. The money Defendant would spend on tithing and charitable contributions shall go to restitution. Defendant shall not tithe or make charitable contributions as long as he owes money to the victims.

**ORDERED:** Defendant shall pay a special assessment of $100 which is due and payable immediately.

**ORDERED:** The fine is waived because Defendant has no ability to pay a fine.

Defendant is advised of his right to appeal.

10:00 a.m.   Court in recess.

Hearing concluded.
Time: 00:55